Good morning, Your Honors. May it please the Court, my name is Thomas Wybinga from Cypress Shaw, appearing on behalf of Appellant Costco Wholesale Corporation. I believe this morning the best means to cut through the long procedural history of this case and to clarify the issues before the Court will be to just focus on two pages of Appellant's excerpts of record. Excerpt of record 112 and excerpt of record 113, again, from Appellant's excerpts of record. There are tabs there. I think the pages are consecutive regardless of tabs. Yes, Your Honor, that's correct. 113 and 112. I'm with you. Where are those pages? They would be found, Your Honor, in tab 12. I have the pages. Where? There's a lot of words and lines on those pages. Okay. Both of these pages from the excerpt of record come from the district court's order adopting the magistrate's report and recommendation and thus granting plaintiff's motion to remand. And first, if I may please direct Your Honor's attention to excerpt of record 112, which was page 4 of the district court's order. What line? That would be on line number 10 and following, Your Honor. Okay. There the district court found that, quote, the first amended complaint eliminated the Federal claim and added State claims that increased the amount in controversy and then found, quote, that the parties are citizens of different States, end quote, and then found that if the new claims had been alleged in the original complaint, Federal jurisdiction could have been invoked on diversity grounds, then citing 228 U.S.C. 1332. In other words, Your Honors, as the district court properly found, diversity jurisdiction existed. And interestingly, the Respondent does not appear to dispute this. Counsel, your frustration comes in that you didn't argue, or was it clear that there was diversity jurisdiction based on the first complaint rather than the first amended complaint? Your Honor, we do not believe that it was clear. We believe that the clear ground for Federal court jurisdiction in the original complaint was Federal question. Is it clear that there wasn't diversity jurisdiction? I believe that the district court properly found that the first amended complaint was the clarifying document to then show that there was diversity jurisdiction. Okay. No, you didn't answer my question. The only question here has to do with the amount in controversy, not with the citizenship of the parties. Is that correct? Correct, Your Honor. Okay. Is it clear to us, some certain, let me put it in those terms, that under the first complaint that you did not have the amount in controversy? We do not believe that the amount in controversy clearly exceeded $75,000 in the original complaint. Okay. Was there a prayer for relief? No, there was not, Your Honor, in terms of it being a specific monetary prayer. The Respondent points out in his briefing that there was language about $80 million, but the analysis there, and a potential of 800 class members, but the analysis there is more akin to a CAFA analysis where we're looking at the aggregate possibilities for amount in controversy, as opposed to the single name plaintiff, Scott Williams, whose amount in controversy was not clearly above $75,000. What was the change in the first amended complaint that made it clear that you now have the amount in controversy satisfied? Primarily, Your Honor, there were a raft of Labor Code claims added, including Labor Code 203 for waiting time penalties and Labor Code 226 for itemized wage statement, and three to four other Labor Code claims. In addition to that, there were punitive and exemplary damages then claimed in the first amended complaint, both of which worked together to clarify for us that the Court's jurisdiction, originally in Federal question, was fortified with the existence of diversity jurisdiction, now with a clear amount in controversy above $75,000. But you certainly could have alleged diversity as an alternate grounds in your motion for removal. We could have done that, Your Honor. You're correct. We do not believe that there's any law requiring a party removing a case to claim a superfluous or additional ground for removal when there's a perfectly proper ground for removal here in Federal question. There may soon be. It may be called Williams v. Costco. So this is what we're talking about. Precisely, Your Honor. This is you certainly could have filed an amended removal notice after the first amended complaint was filed. The district court, and we believe correctly so, found that we couldn't have filed an amended notice of removal after the first amended complaint because amended notices of removal are limited to situations where there are defects in the removal, as opposed to a proper removal, which we filed under Federal question jurisdiction. So the district court did find, and that's my next point, if I may, on Excerpt of Record 113, line 4. The district court, we believe, correctly found, citing to the Ninth Circuit cases of Arco and Rockwell, that the ability to amend is limited to those amendments that correct a technical defect in the position. Amendments which add a new basis for removal jurisdiction are not permitted. So it's appellant's contention, Your Honor, to that question that we couldn't have filed an amended notice of removal upon the filing of the first amended complaint. Your position is that if it had been absolutely clear, if the first amended complaint clearly adds a new basis for removal, I mean, let's say there was no allegation of diversity at all, there was diversity of citizenship, or maybe there isn't because of a non-diverse party, and they filed an amended complaint, but they dropped the non-diverse party. So the first amended complaint for the first time establishes, not just clarifies, but clearly provides a basis for removability. In your view, that would be too late to file an amended notice of removal. We believe under existing Ninth Circuit law, particularly the Brockman v. Maribank case, that that is indeed true. And then also combined with that, Arco and Rockwell, which say amended notice is a removal for anything other than a technical defect, are not permitted. Counsel, we have a recent case called Lively v. Wildoat Markets. Have you seen that? Yes, Your Honor. Any relevance? I don't believe the case was filed by either side as an additional citation of authority, Your Honor. But I believe that that case is distinguishable because what we have here is the unique situation where the first amended complaint created the diversity jurisdiction in a case already properly removed on another ground. And it is at that point, upon granting all of that, that the district court later in Excerpt of Record 113 then creates this extra statutory creature of supplemental notice of removal, citing to the Fourth Circuit case of Yarnovick v. Brink and an article from the 1997 Federal Litigator saying that, in effect, it could have been that Costco would have filed this supplemental notice of removal which is not provided for by any statute nor by any Ninth Circuit case. And, in fact, the case cited by the Court for that proposition, that creation of the supplemental notice of removal, actually was a case where the Fourth Circuit refused to remand, saying that while a supplemental notice of removal may have been prudent, it was certainly not required. So Appellant is not aware of any authority for a supplemental notice of removal and, frankly, believes that the creation of such a creature, such a procedural creature on extra statutory grounds by the district court, is a violation of the Rules Enabling Act. And, in fact, the district court has no authority to create an extra rule of procedure beyond that which the Federal rules provides. Kennedy. Well, but the Court here didn't really because you never filed such a notice. And so the Court used that as part of its reasoning. But it didn't really say you have to do it or it's authorized to do it. I mean, if it's in a sense dicta, what it said about the you didn't file one. It didn't say that it was invalid or valid or anything like that. I believe, Judge Kaczynski. It's sort of a sideshow anyway, isn't it? Well, I believe, Judge Kaczynski, that it's actually much more fatal to us than dicta because what the court did, what the district court did was say, yes, diversity jurisdiction exists. And we can then move into a discretionary balancing using such factors as overcrowded docket to get rid of this case when original jurisdiction, according to the Ninth Circuit's Brockman, is mandatory. And diversity jurisdiction is a type of that. But the fact remains you didn't allege it in your notice of removal. I mean, you're overlooking an important fact here. You could have included the notice of removal with no cost at all to yourself or your client. And, Your Honor. If you were mistaken, if it turns out the amount in controversy wasn't quite as much as was in doubt and it turns out that was an improper basis, well, that's why good lawyers wear belts and suspenders. Your Honor, I think, and I'm running short of time here, Your Honor, but if I may answer your question. Out of time. If I may respond to your question, please. I'll make a system. Okay. Excellent. Thank you. Costco had no opportunity to file a notice of removal based on diversity grounds. We even suggested to the district court that if it was intent on remand, that the 30-day period. I'm sorry. When you filed the original notice of removal, you couldn't have included diversity as a separate ground? We could have, Your Honor. We don't believe it was required, and we believe at that point it was unclear and it would have been superfluous. We were properly in Federal court on Federal question grounds. I didn't ask you any of those things, whether it was superfluous or required. The fact is, you could have. Your Honor, we grant that. We could have filed that. There would have been no additional cost other than additional ink and perhaps another piece of paper if it caused it to run over a second page, right? Correct, Your Honor. It was a mistake, basically, and you are sort of hoping to be looking back on it. You wish you had included those few words, no doubt. Your Honor, we don't believe that it was a mistake. We don't believe that the diversity jurisdiction clearly existed, and we didn't want to claim it. It was a mistake if only to save you all this grief. In that definition of respect, Your Honor. I mean, we wish you had done it. We're writing an opinion saying you should have done it. This would have been a valuable lesson for the rest of the bar, of course, to your client. But it doesn't strike me as all that strange to say you look at the complaint, you look at all possible bases of diversity of Federal jurisdiction, and you include them. And if some basis is in doubt, you include it in the notice, and you litigate further whether or not the doubtful basis for removal is satisfied by the complaint. It's a perfectly clear, perfectly simple, easily applicable rule. I'm not quite sure how the rule you're proposing would be implemented. Other than the fact, Your Honor, I guess that to file a notice of removal and throw in all possible grounds when, in fact, they don't appear on the face of the complaint and may not even be proper, we believe creates a problem. That's why I asked you, counsel, as to whether there was a prayer for relief or whether it was clear to some certain what the original amount in controversy was. Your answer to me was no on both accounts. So it wouldn't have taken a lot of speculation on your point, on your part. And if you had been the drafter of that complaint and filing it as plaintiff's counsel and decided to file it in Federal court, you surely could have made all kinds of arguments that the amount in controversy was satisfied for purposes of filing it in Federal court in the first place. It wouldn't have taken a lot of imagination to have figured out that you could have alleged that as additional grounds for removal, and very successfully, because if the other side had come, if Mr. Williams had come back in and said, oh, no, there's no diversity, he said, well, don't be ridiculous. That was only our alternative ground. That's all very correct. Why haven't you waived the argument? The argument hasn't been waived because there's never been a period during which we were allowed to file. Sure. Why didn't you waive it when you filed the first notice of removal and didn't allege the ground? Because at that point, we don't believe that diversity jurisdiction was clear from the face of the complaint, nor do we believe that a party is required to file superfluous grounds for removal. But, counsel, generally, if you're filing a complaint in Federal court, you have to allege all your grounds for jurisdiction, and if you leave one out and it turns out that the original ground you've alleged is defective, then what happens? The cases of Brockman and Buckner had that very situation, Your Honor, where the basis for removal was removed from the case, and yet the Federal court kept the case. No, I've asked a different question. If you filed the case, if you filed a complaint in Federal court, and in your statement of jurisdiction you have alleged one ground but not another, and your original ground turns out to be defective, what happens in that case when you have failed to allege an alternate ground, let's say diversity jurisdiction? If the first ground, Your Honor, would turn out to be defective, as you have posed, then an amended notice of removal would be proper. I can give you a scenario when there was a removal. I gave you a scenario in which you filed the complaint in Federal court in the first place. When you go into Federal court, you have to allege your jurisdiction. Now, if you've alleged Federal question jurisdiction under 1331 and didn't allege Section 1332, what happens when 1331 turns out to be a defective ground, but it looks like you might have an alternate ground which you have failed to allege? We believe that if diversity jurisdiction existed there and the district court were aware of it, it would be compelled to keep the case in Federal court on the basis of that original jurisdiction. Even if you haven't alleged it at any place in your complaint until nobody on the other side has had a chance to respond to that? Those facts are very different, I guess, than what we have here, where everyone agreed that there was diversity jurisdiction, and the district court assumed diversity jurisdiction and yet still applied discretion in contradiction to the holding of Brockman. Okay. Your Honor, it's time. Thank you, Your Honors. I hear from the other side. Your Honors, good morning. May it please the Court, I am Frank Laughlin. I represent, along with my co-counsel, Earl Wallace, Scott Williams. And you'd rather be a State court. Well, I'm hurt. We, in filing our motion to remand, we did our duty, alerting the district court to … I understand. I'm just giving you a hard time. With respect to counsel, whom I respect very much, and his statement with respect to the complaint, original complaint, not being clear. As we saw below with the district court, Costco alleged we were form shopping. However, the original complaint could not have been more clear. I disagree with counsel on that point. Well, it could have had a prayer for relief. It did have a prayer for relief. That included an amount in controversy that clearly satisfied the diversity of my controversy. So to say no hyperbole will not help you. It will not help you. It could have been clearer. I withdraw anything that would be remotely conceived of as hyperbole, except for the fact that we did plead $80 million in damages on behalf of 800 people. We gave them an estimate of the amount of — we gave Costco an estimate of the amount of hours the employees worked per week, over 50. They had in their possession the payroll records, which they proved to the district court they could calculate the amount in controversy. So let's say this was clear enough. Yes. And let's say, in fact, you had the amount in controversy there. So anybody looking at the complaint would have seen both grounds for jurisdiction. And yet, in the nose of a move, they only seek one ground. So what? Well, I think there are five reasons to uphold the district court's decision. And to answer that question — I mean, if the case is, in fact, removable — Yes. — on this other ground, why does it matter what the notice of removal says? I would say — I would answer that when I have five answers to that. And the first, of course, is the well-established strict construction against removal jurisdiction. Fourteen — in addition, Statute 1446 — How does that help you? I mean, it's one thing to say, if in doubt, about the basis for the removal. If, you know, for example, it's not clear whether somebody's diverse, somebody's got a question, we're going to construe things strictly against removal. But I've hypothesized a situation where it's absolutely clear that both grounds for removal exist. There's no construction that needs to be done. The only thing missing is a mention of the second ground removal in the notice. I think it matters because — because we're not just looking at original subject matter jurisdiction, but removal jurisdiction. And with removal jurisdiction, it doesn't — it isn't the be-all, end-all that original jurisdiction exists. It also matters what's said in the notice of removal and how it's said. And if a mistake is made by the party, even in the face of clear — The fact that a defective — and I can't cite to the case right now, but the fact that a defective notice of removal, for instance, one that is untimely, can be challenged under — Well, untimely is different. You have a certain amount of time to do it. And timeliness is timeliness. If you — if you — there's no — the case stops being removal. The case stops being removable after the period for removal. I mean, at that point, you no longer have a removable case. So if your notice is late, it doesn't matter how clear it is, your case has stopped being removable. But I'm positing a case that is perfectly removable on two grounds, but they only mention one. What is it — what authority do you cite for the proposition that the notice has to cite both grounds? If the case is actually removable. I would say 1446, which commands the — Let's read it together. What is it in 1446 that says that? That commands the defendant — I believe 1441 says the removal notice shall be done or must be done in — I'm sorry. We're looking at 1446 or 1441? Well, I was referring to 1441, which refers to 1446. And 1446 commands the — Do you have it in front of you? I do not. It's going to make it harder to talk about the language. Well, with the respect — Would you like to borrow my copy? No. I believe I — I mean, just tell me where to look. I've got it in front of me. Just tell me what language you're relying on. 1446, I believe, A or B commands the party to list the grounds plural. Okay, so? The grounds is not just one ground, but the grounds — That's not the question I asked. The list of one ground doesn't say list all the grounds. It doesn't say failure to list any of the grounds makes the case non-removable. The question I'm asking is, if the case is, in fact, removable on more than one ground, they list one ground, which at that time is a proper basis for removal, where does it say you have to have listed all the other grounds as well in order to keep it in federal court if, in fact, the case is removable on more than one ground? Where is that rule that you rely on? I do not have a case that states that. I derive that from the — You don't have a statute that says that. You don't have a statute. The statute doesn't say that. It does not. It does list plural grounds. Okay. And you don't have a case that says that. What do you have? A suggestion that the policy of strict construction against removable jurisdiction in 1446, which indicates that the — that has — meets all the requirements for federal jurisdiction. I don't see where you get this sort of strict removal, strict construction business, how it helps you. Well, I would suggest, and I don't have a case, and perhaps, as the Court suggested earlier, this may be that case, but I would say that we could derive from the well-established rule that prevents or disallows amendments to a notice of removal that states additional grounds for jurisdiction after the initial 30-day period doesn't mean a whole lot. That rule may not mean a whole lot unless, in cases like this case, the failure to plead that additional basis for jurisdiction cannot be invoked by a party if the original basis for jurisdiction, let's say diversity jurisdiction, where a nondiverse party is added at some point, basically — Counsel, how do you distinguish Brockman? That is a difficult question, and I don't know that I can. That's why I asked it. I would offer the following. I believe that the — I believe that the rules suggest or state explicitly that Federal question jurisdiction exists when the FDIC is sued. They properly removed that case, presumably under — You could limit it just to Federal entities? No. I don't think I would. But I would say that they properly removed it, probably under 1441A. And the case doesn't say it, but I wondered and perhaps assumed possibly that the RTC may have had to consent to that removal. If that's not the case, then the fact is that original jurisdiction did lie in the Federal court even after the FDIC successfully gained dismissal, but the Court includes no discussion about the strict construction against removal jurisdiction or really any analysis about the fact that the RTC, when it had its chance before in State court under the Second Amendment complaint, did not itself invoke removal jurisdiction. There's just — there's just no discussion about that. So this is the poorly reasoned case exception? We can overlook one of our precedents because we think it's poorly reasoned? Absolutely not. I suggest only some possible — some possible causes. Let me echo Justice Kagan's question. What do we do about it? I mean, let's say we really agreed with you on policy grounds and really thought get this case out of here. We don't need another case in Federal court. I don't think we feel that way at all, at least. Let's say we wanted to get there. How do we get past Brockman? That is a difficult question, and I don't have — I don't have a clear answer on that other than to say — Perhaps you should say welcome to Federal court. Okay. And by the way, our motion to remand was a bare-bones motion just alerting the Court. So if we're in Federal court, we're prepared to be — I would say — No, I'm — you know, I'm just a little bit about it, but, you know, if we have authority that you can't distinguish, it is binding on us. But the fact that any of us might have gone back and written it differently, and I'm not sure we would have. But is there perhaps — is there perhaps authority that is not in the record that maybe a letter brief is appropriate on authority that suggests that in certain circumstances, for instance, with, you know, the Federal — I forget the name of the case just a few months ago when a Federal actor is sued? Yeah. I wrote that opinion. I forgot, too. Okay. Federal agency jurisdiction. And the fact — Federal agency jurisdiction, yeah. And the fact that, at least in certain circumstances, with that case and perhaps with the RTC and the FDIC, there may be a countervailing policy in support of taking — You know, there may be, but if it's not written in the opinion — I mean, cases can be decided on very narrow grounds, and they can be sometimes decided more — on broader grounds. And if the panel that wrote the opinion wrote it chose to write it on a broader ground, it's hard for us to speculate that, well, they could have written it a different way, come out with a different result, the same result, writing it limited to Federal agencies. You know, it's hard — it's hard to do. I don't disagree. And I would add, however, that I believe Costco had a second opportunity to file some document, in this case, not a supplemental notice, which is — we don't need to reach that — an amended notice, which the Court — by the way, on page — I thought it was 113. But if it doesn't have to, it doesn't matter that they didn't do it. If it's not required to do it — I mean, the fact that, gee, you had another way of filing is — is, you know, sort of academic. Right. True, in this case, may decide whether it is a required act. And I would — my only suggestion would be on a policy ground, which is the fact that Costco admits that, by the First Amendment complaint, it knew about it. Would it have not been appropriate to take affirmative steps, which it would have been required to do in the first instance, to affirmatively invoke that jurisdiction? It could have. It chose not to. And, correct, this case will decide whether that was required. Okay. We — I think we understand your position. Thank you. Okay. The case is argued. We'll stand some minutes. Did you want a minute for rebuttal? I would like to have one minute. If you would indulge me. I know we went long. If I may, please. It's starting now. You better — I'll hurry. All right. I'll try to keep it at 30 seconds. I believe that this quote from Brockman answers all three of your various questions to me and to my opposing counsel regarding whether there's a possibility of waiver, and then how do we get around Brockman, and did somebody make a mistake. And the quote from Brockman is as follows, talking about the RTC, the party which did, in fact, waive its right to removal, Brockman says, although the RTC waived its right to seek removal, it did not waive its right to a federal forum. The district's court retention of the case was mandatory, not discretionary. I believe that that sums up the controlling authority in the Ninth Circuit. We respectfully ask that your honors reverse the remand order and return this case to the district court. Thank you. Thank you, sir. You will stand submitted.
judges: Kozinski, O'scannlain, Bybee